IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

RYAN BONNEAU,

                Plaintiff,                          CV-99-1275-ST

          v.                                 OPINION AND ORDER

CROSSLAND MORTGAGE CORP.,

                       Defendant.

STEWART, Magistrate Judge:

      By Opinion and Order dated October 27, 2010 (docket #116), this court denied the

Motion to Reopen Case filed by plaintiff, Ryan Bonneau.  Bonneau has now filed a Motion for

Reconsideration of that Opinion and Order (docket #117).   For the reasons set forth below, that

motion is denied.

///

1 - OPINION AND ORDER

**LEGAL STANDARD**

Reconsideration is appropriate "in the face of the existence of new evidence, an intervening change in the law, or as necessary to prevent manifest injustice." *Navajo Nation v. Confederated Tribes and Bands of the Yakima Indian Nation*, 331 F3d 1041, 1046 (9th Cir 2003), citing *Mustafa v. Clark County Sch. Dist.*, 157 F3d 1169, 1178-79 (9th Cir 1998). However, a "motion for reconsideration should not be granted, absent highly unusual circumstances . . . [and] may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F3d 877, 890 (9th Cir 2000) (internal quotation marks, citations and emphasis omitted).

**DISCUSSION**

**I.  Whether Dismissal with Leave to Reopen is a Final Order**

Bonneau argues that since Order of Dismissal dated April 19, 2002 (docket # 86) was "without prejudice as to the rights of the parties to reopen the proceedings if the Bankruptcy Court does not resolve the dispute" and failed to specify an expiration date to reopen this case, it was not a final and appealable order. He analogizes it to a dismissal order with leave to amend which is a non-final order that tolls the statutes of limitations, citing *WMX Techs., Inc. v. Miller*, 104 F3d 1133 (9th Cir 1997). In that case, the district court dismissed some claims without prejudice and with leave to file an amended complaint in 30 days. Plaintiffs did not file an amended complaint, but instead filed a notice of appeal. Relying on *Jung v. K. & D. Mining Co., Inc.*, 356 US 335 (1958), and rejecting contrary rulings by other circuits, the Ninth Circuit concluded that the order was not final and appealable because it "left the suit pending for further proceedings 'either by amendment of the [complaint] or entry of final judgment.'" *WMX*

*Techns., Inc.*, 104 F3d at 1135, quoting *Jung*, 356 US at 336-37.  However, as the Ninth Circuit

later explained in *De Tie v. Orange County*, 152 F3d 1109, 1111 (9th Cir 1998):

> *WMX Technologies* merely held that when a *complaint* is
> dismissed with leave to amend, the order is non-final and not
> appealable in the absence of a further order terminating the action.
> Here, however, De Tie's *action* was dismissed, as provided in Fed.
> R. Civ. P. 4(m).  The dismissal of an action, even when it is
> without prejudice, is a final order.  (Emphasis in original; citation
> omitted).

"That the dismissal is without prejudice and the litigation may be renewed does not affect its

appealability . . .." *Thompson v. Potashnick Const. Co.*, 812 F2d 574, 576 (9th Cir 1987).

      Here, this court dismissed Bonneau's action, as opposed to his Complaint.  Therefore, the

dismissal without prejudice was a final and appealable order.  When granting leave to Bonneau

to reopen this case, this court neither anticipated nor required any further action by Bonneau to

cure some defect as when granting leave to amend.  Instead, Bonneau was merely provided an

opportunity to restart the case again without refiling a new complaint and paying a new filing fee.

Although this case was automatically stayed by the pendency of the bankruptcy proceedings, that

automatic stay ended when the bankruptcy proceedings ended.  The dismissal by this court did

not purport to continue the stay indefinitely past the termination of the bankruptcy proceedings.

      As recognized by the Ninth Circuit, "a dismissal without prejudice is not entirely without

danger to the rights of the plaintiff, as for example when the statute of limitations or service of

process problems are present." *Ash v. Cvetkov*, 739 F2d 493, 497 (9th Cir 1984).  When the

parties do not toll the limitations period, a "plaintiff assumes the risk that by the time the case

returns to district court, the claim will be barred by the statute of limitations or laches." *James v.

Price Stern Sloan, Inc.*, 283 F3d 1064, 1066 (9th Cir 2002) (dismissal of remaining claims

without prejudice is final and appealable absent evidence of an intent to manipulate appellate jurisdiction). With the benefit of hindsight, it would have been better for Bonneau if the court had stayed rather than dismissed this case with leave to reinstate, but that is not what happened.[1]

This court acknowledges that, as a general rule, "[w]here a court suspends proceedings in order to give preliminary deference to an independent adjudicating body but further judicial proceedings are contemplated, then jurisdiction should be retained by a stay of proceedings, not relinquished by a dismissal." *Northern Cal. Dist. Council of Hod Carriers v. Opinski*, 673 F2d 1074, 1076 (9th Cir 1982). Therefore, a remand order to an administrative agency for a decision is not final, but is treated as a stay pending a final determination by the hearing officer. *Shapiro v. Paradise Valley Unified Sch. Dist. No. 69*, 152 F3d 1159 (9th Cir 1998); *cf Chugach Alaska Corp. v. Lujan*, 915 F2d 454 (9th Cir 1990) (under certain conditions, a remand order is considered final). However, that general rule does not assist Bonneau because he was not required to exhaust any administrative remedies and no further judicial proceedings were contemplated if the Bankruptcy Court resolved the issues.

Some circuits have adopted the doctrine of springing finality which allows an appeal from a conditional order when the time to meet those conditions has expired without the need to have a final judgment entered. *See Otis v. City of Chicago*, 29 F3d 1159, 1164-66 (7th Cir 1994) (collecting cases). "[W]hen a complaint is filed within the statute of limitations but is subsequently dismissed without prejudice in an order containing conditions for reinstatement within a specified time period, the statute of limitations is tolled provided that the plaintiff meets

---

[1] The Seventh Circuit "treat[s] a dismissal with leave to reinstate as if it were a stay." *Baltimore and Ohio Chicago Terminal R.R. Co. v. Wisconsin Cent. Ltd.*, 154 F3d 404, 408 (7th Cir 1998). As yet, the Ninth Circuit does not.

those conditions." *Brennan v. Kulick*, 407 F3d 603, 607 (3rd Cir 2005).  However, the Ninth

Circuit has not adopted that doctrine and, in any event, the dismissal order in this case was not a

conditional order.

## II.  Whether ORS 12.180 Applies

As this court previously explained, ORS 12.160 does not assist Bonneau in tolling the

statute of limitations because he is neither a minor nor insane.  Nevertheless, Bonneau argues that

the court overlooked the applicability of ORS 12.180 which states that "[w]hen two or more

disabilities co-exist at the time the right of action accrues, the limitation shall not attach until all

are removed."  He contends that ORS 12.180 does not derive its definition of a disability from

ORS 12.160, but should be construed broadly to include many other disabilities, including his

imprisonment.

Contrary to Bonneau's argument, ORS 12.160 and ORS 12.180 are not totally separate

statutes that bear no relationship to one another.  The former statute identifies certain disabilities

that will suspend a statute of limitations, and the latter statute defines what happens when

multiple disabilities coexist when the action accrues.  Based on the only reasonable reading of

ORS 12.180, it applies only to those multiple disabilities that are otherwise recognized under

Oregon law as tolling a statute of limitations.[2]  In 1996, the Oregon legislature removed

"imprisoned" persons from the "disabled" category in ORS 12.160.  Barnhart Decl., (docket

# 106), Ex. B.  Thus, the disabilities under ORS 12.160 no longer include imprisonment and have

never included Bonneau's other medical conditions (migraine headaches, depression, bipolar

---

[2]  Other Oregon statutes suspend or toll the statute of limitations, such as ORS 12.150 for absence or concealment of a person.

disorder, ADD/ADHD, back pain, and asthma).  Thus, this court rejects Bonneau's argument.

**III.  <u>Whether Equitable Tolling Applies</u>**

Bonneau asks this court to revisit the issue of equitable tolling.  This court previously concluded that if the statutes of limitations on Bonneau's claims started to accrue when the bankruptcy proceedings terminated, then they all expired no later than six years plus 30 days after October 21, 2003, or by November 20, 2009, about six months before Bonneau sought to reopen this case.[3]  To avoid this bar, Bonneau claimed that due to external forces beyond his control, he did not become aware of the termination of his bankruptcy proceedings until "roughly one year" later.  Giving Bonneau the benefit of the doubt, he would be entitled to one year of equitable tolling.

Bonneau contends that this court made a miscalculation and asserts that the one year of equitable tolling should begin on November 20, 2009, and end on November 20, 2010, thus rendering all of his claims timely.  However, his analysis is wrong.  First, by the time the bankruptcy proceedings terminated, the two-year statute of limitations applicable to his three tort claims had already expired.[4]  Under 11 USC § 108(c), he had 30 days after termination of the bankruptcy proceedings, or by November 20, 2004, to reopen this case to pursue those expired claims. Adding one year for equitable tolling to that date extended the limitations period for those three claims to November 20, 2005, well before June 17, 2010, when he sought to reopen

---

[3]  This analysis assumed that Bonneau was correct that the pendency of this action and the bankruptcy proceedings tolled the statutes of limitations.  In fact, as the court previously explained, Bonneau was not correct.

[4]  Bonneau correctly notes that this court erred by applying the two-year statute of limitations to five of his seven claims.  It only applies to his three tort claims because his two claims for violation of ORS 652.140 and ORS 652.610 are subject to the six-year statute of limitations.  *State ex rel Nilsen v. Ben Jacques Chevrolet Buick, Inc.*, 16 Or App 552, 520 P2d 366 (1974).

this case. Second, the longer six-year statute of limitations applicable to his other four contract claims was unaffected by the bankruptcy proceedings since it did not expire until July 8, 2006, six years after his termination from employment on July 8, 1999. Adding one year of equitable tolling to that date only extended the limitations period for those four claims to July 8, 2007, again well before June 17, 2010, when he sought to reopen this case.

Bonneau also claims that the equitable tolling period is longer than one year because his "memory is refreshed" that he first became aware of the termination of his bankruptcy proceedings when his supervised release began on June 7, 2005, and he went through stacks of accumulated mail. Bonneau Decl. (docket # 119), ¶ 4. That statement is simply not credible. It not only conflicts with his earlier recollection, but also with documents that he signed. On September 10, 2002, he signed a Settlement Agreement that resolved the adversary proceedings against him in the bankruptcy court. Amended Barnhart Decl. (docket # 133), Ex. A. In paragraphs 9 and 10 of that agreement, he agreed that no discharge would be entered against him and that the bankruptcy case would be dismissed with prejudice. Bonneau states that all of his papers were seized during a search of his home on November 15, 2002, and have never been returned. Bonneau Decl. (docket # 119), ¶ 6. However, about a year later on October 3, 2003, he signed the Stipulated Order Dismissing Case with Prejudice which was entered by the Bankruptcy Court a few weeks later on October 21, 2003. Barnhart Decl. (docket #106), Ex. A. Thus, on September 20, 2002, and again on October 3, 2003, Bonneau knew that the bankruptcy proceedings would not resolve his claims. He cannot escape his obligation to exercise due diligence to reopen this case or file a new lawsuit before the statutes of limitation ran on his claims. His criminal indictment and arrest in November 2002 no doubt distracted his focus, but

does not annul his knowledge that the Bankruptcy Court would dismiss his case without resolving his claims issues soon after he signed the Stipulated Order on October 3, 2003.

Even if this court accepted Bonneau's new recollection, the equitable tolling period would only be extended from one year to about 20 months (October 2003 through June 2005). Adding 20 months to either the expired limitations period for the three tort claims of November 20, 2005, or for the four contract claims of July 8, 2007, does not make the June 17, 2010, date timely for reopening this case.

Bonneau also claims that he did not sleep on his rights after June 2005. He attempts to excuse his delay based on his incarceration at various times. However, he fails to provide the dates during which he was actually incarcerated. A review of his criminal cases reflects that he has been on supervised release on several occasions as noted by the number of violations revoking his supervised release. Yet he filed to file a motion to reopen during any of his supervised releases.

Bonneau also argues that his delay should be excused in part because Wells Fargo had acquired Crossland Mortgage through a merger on January 1, 2001. That excuse is rejected for several reasons. First, the merger was a matter of public record in the Oregon Secretary of State's Office. Although Bonneau only contacted the Secretary of State's Office in Utah where Crossland Mortgage had its headquarters, he knew that Crossland Mortgage did business in Oregon and also is constructively charged with knowledge of all publicly available information. Second, the same law firm remained counsel of record for Crossland Mortgage in this case. Third, Bonneau knew or should have known that Wells Fargo was the successor of Crossland Mortgage because it appeared in his bankruptcy proceeding to protect those interests. Finally,

and most importantly, the merger is irrelevant since Bonneau could rely on the contact information in this court's docket for serving Crossland Mortgage through its counsel of record with a motion to reopen this case.

Finally, Bonneau tries to blame the Bullard law firm for not responding to his telephone calls. After calling the court, he learned that the previous attorney representing Crossland Mortgage, Emi A. Murphy Donis, had left the Bullard law firm. Bonneau Decl. (docket #119), ¶ 6. He then attempted to contact Kathryn Hindman, another attorney at the Bullard law firm, for a year and sent settlement proposals throughout the last four years, but received no response. *Id*, ¶¶ 6-9. Since Crossland Mortgage changed its name and could not be located, and neither Crossland Mortgage nor its lawyers updated their contact information with the court, he did not know how to trigger a response. *Id*, ¶ 9. As in his initial motion, he blames Crossland Mortgage and its attorneys for failing to abide by the rules and update their contact information with the court. Contrary to Bonneau's claim, both the receptionist at the Bullard law firm and Kathryn Hindman confirm the absence of any record of any telephone call from Bonneau. Cole Decl. (docket # 130), ¶¶ 1-4; Hindman Decl. (docket # 132), ¶¶ 1-5. But even if the Bullard law firm failed to return his telephone calls, as Bonneau claims, that fact is irrelevant. As this court previously explained, Bonneau did not need to first contact Crossland Mortgage or its attorneys before filing a motion to reopen this case.

///

///

///

///

9 - OPINION AND ORDER

## <u>ORDER</u>

For the reasons set forth above, Bonneau's Motion for Reconsideration (docket #117)

is DENIED.

DATED this 7th day of January, 2011.

s/ Janice M. Stewart_____
Janice M. Stewart
United States Magistrate Judge

10 - OPINION AND ORDER